UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>GARDEN COURT INN LLC,<br><br>        Defendant. | Case No. 21-cv-01546-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Pending before the Court is Defendant Garden Court Inn, LLC's motion to dismiss. Dkt. No. 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

### I.  BACKGROUND

Plaintiff Scott Johnson filed this case on March 4, 2021, and amended the complaint on May 16, 2021. *See* Dkt. No. 11 ("FAC"). Plaintiff is a level C-5 quadriplegic, and uses a wheelchair to get around. *Id.* at ¶ 1. Plaintiff alleges that on July 2, 2019, he visited the Best Western Plus Garden Court Inn located in Fremont, California, which is owned by Defendant. *Id* at ¶¶ 3, 8. Although when booking the hotel room on June 29 Plaintiff noted that only one king-sized room was identified as being "accessible," he requested a room with two queen beds, and in the special request area, Plaintiff identified his disability and requested an accessible room with two beds. *Id.* at ¶ 12. Plaintiff alleges that when he arrived, "the reserved parking was not accessible because of the presence of slopes in the stalls and access aisles that exceeded 2.1%." *Id.* at ¶ 13. An employee subsequently told him that there were no accessible rooms with two beds available. *Id.* at ¶ 14. Plaintiff returned in January 2020, and again booked a two-bed room and

requested an accessible room. *Id.* at ¶ 16.  However, when he arrived "the parking was still inaccessible due to the slopes and location," and he was told that his request for a room with two beds could not be accommodated because it "was taken." *Id.* at ¶ 17.  Plaintiff said he returned a month later, and the parking issue was not fixed. *Id.* at ¶ 18.  Plaintiff also asserts that the hotel's online reservation system is inadequate for him to "assess independently whether a given hotel or guest room meets his accessibility needs." *Id.* at ¶ 29.  He further alleges that he would return to the hotel "when it has been represented to him that the hotel's website reservation system is accessible." *Id.* at ¶ 31.

On the basis of these facts, Plaintiff brings causes of action for violations of (1) the American with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*; and (2) the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. *Id.* at ¶¶ 35–49.  Defendant now moves to dismiss Plaintiff's complaint.  Dkt. No. 15.

## II. DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction over this case and that Plaintiff lacks Article III standing to pursue his ADA claim.  More specifically, Defendant contends that this ADA action is moot because its hotel fully complies with the requirements under the ADA. *See* Dkt. No. 15 at 6–7.  And in the alternative, Defendant asserts that Plaintiff lacks standing because he has not adequately alleged an intent to return to the hotel. *See id.* at 8–12.  Lastly, Defendant argues that the Court should dismiss Plaintiff's state law claim for lack of supplemental jurisdiction. *See id.* at 14–17.

### A. Mootness

Defendant first moves to dismiss Plaintiff's ADA claim under Federal Rule of Civil 12(b)(1), arguing that the claim is moot because the hotel complies with the ADA, and the "alleged violations either do not exist or are false." Dkt. No. 15 at 6–7.  "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quotation omitted).

Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of

subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  In a factual challenge "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating a facial attack, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.*

Defendant contends that its hotel has the required number of accessible parking spaces; the parking lot meets all applicable slope requirements; and the hotel has the correct number of ADA accessible rooms, including those with two beds.  *See* Dkt. No. 15 at 6–7.  In support of these assertions, Defendant proffers a declaration from Roman Garcia, the general manager of the hotel. *See* Dkt. No. 15-2 ("Garcia Decl.").  Mr. Garcia attaches photographs of the parking lot, and contends that the hotel's parking "meets all applicable design standards including slope requirement," and "[n]o part of the accessible parking spaces or access aisles has a slope greater than 1:50 . . . ."  *Id.* at ¶ 2; *see also id.* at ¶ 6(a); Dkt. No. 15-2, Ex. 1.  Mr. Garcia also states that the hotel provides ADA accessible rooms, including three "'Double Queen' rooms."  *See id.* at ¶¶ 3–4, 6(b)–(c).

In essence, Defendant suggests that the Court should decide the merits of Plaintiff's case at the motion to dismiss stage before any site inspection has occurred and before any discovery has been taken.  The Ninth Circuit has explained that "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (quotation omitted).  "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.*

Defendant acknowledges that here, the jurisdictional facts overlap with the merits of the case. Dkt. No. 15 at 6–7.  The existence of barriers is both a jurisdictional and substantive issue.

3

Nevertheless, Defendant contends that the Court may resolve these factual issues because Plaintiff did not provide its own, competing evidence. *See* Dkt. No. 21 at 1–4. Defendant concludes that there are therefore no factual disputes for the Court to resolve. *Id.*

The Ninth Circuit has cautioned that "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional," *Safe Air*, 373 F.3d at 1039 (quotation omitted), and the Court declines the invitation to wade into the merits based on this record. The Court finds that Mr. Garcia's declaration is of little evidentiary value. It lacks detail and is conclusory in nature. Moreover, although Mr. Garcia concludes that the hotel is ADA compliant, he does not explain why he is competent to make such evaluations or how he reached these conclusions. He does not appear to be offered as an expert in ADA compliance. And the Court has concerns about adopting the self-serving statements of the general manager of the hotel. To the extent Defendant suggests that Plaintiff nevertheless should have provided his own external evidence, the Court notes that under General Order No. 56, all discovery is still stayed. Plaintiff also indicates that the parties have not conducted the site inspection yet, *see* Dkt. No. 20 at 4, and Defendant does not appear to contest this. Plaintiff, therefore, has not had an opportunity to develop the evidence he may need to rebut Defendant's asserted facts.

Defendant cites several ADA cases in which district courts granted motions to dismiss on mootness grounds under Rule 12(b)(1). *See* Dkt. No. 20 at 1–4. But even if the Court found their reasoning persuasive, they are factually distinguishable. These cases do not suggest that the Court can rely solely on a defendant's own assertions that it complies with the ADA to dismiss an ADA claim on mootness grounds. Rather, the defendants in these cases provided evidence from accessibility specialists and other experts. *See, e.g.*, *Johnson v. Techbusiness Res., LLC*, No. 20-CV-06048-BLF, 2020 WL 7013596, at *2 (N.D. Cal. Nov. 28, 2020); *Johnson v. Case Ventures, LLC*, No. 5:19-CV-02876-EJD, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020); *Shayler v. Patel*, No. 220CV00235ODWKSX, 2020 WL 4429362, at *2 (C.D. Cal. July 31, 2020); *Langer v. Nenow*, 2020 WL 708144, at *4–5 (S.D. Cal. Feb. 12, 2020); *Johnson v. Melehan*, No. 5:16-CV-04064-HRL, 2017 WL 3605227, at *1–2 (N.D. Cal. Aug. 22, 2017). As noted above, the Court has no reason to believe that Mr. Garcia has the necessary qualifications to assess the hotel's ADA

compliance.

The Court therefore denies Defendant's motion on this basis.[1] *Accord Johnson v. Rando*, No. 21-CV-00673-BLF, 2021 WL 2986965, at *4 (N.D. Cal. July 15, 2021).

**B.     Standing**

Defendant next argues that Plaintiff lacks standing to bring an ADA claim or seek injunctive relief. *See* Dkt. No. 15 at 7–14.

A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *See Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). Because the only remedy available to a private litigant under the ADA is an injunction, the Ninth Circuit has held that a plaintiff "must demonstrate a real and immediate threat of repeated injury in the future." *Chapman*, 631 F.3d at 946 (quotations omitted). He may do so by establishing that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively, "deterrence from returning to the premises." *Id.* at 944.

Defendant argues that Plaintiff cannot show a real and immediate threat of repeated injury because he has failed to establish either a genuine intent to return or that he has been deterred from returning to the hotel. *See* Dkt. No. 15 at 7–14. In support of Defendant's argument that Plaintiff does not intend to return to the hotel, it cites the proximity of the hotel to Plaintiff's residence, Plaintiff's past patronage of the business, and the indefinitiveness of his plans to return. *See* Mot. at 9–12. At bottom, however, Defendant appears to suggest that the Court should look skeptically at Plaintiff's intent to return to the hotel based on his prior history of litigating ADA claims. *See, e.g., id.* at 9 (citing "Johnson's extensive litigation history and no ostensible reason to return to

---

[1] In reply, Defendant appears to argue that Plaintiff's claim that the hotel's online reservation system is deficient should also be dismissed as moot because its website shows that the hotel has seven ADA accessible rooms. *See* Dkt. No. 21 at 4–5. The Court does not consider arguments raised in reply, but in any event, Plaintiff's allegations appear to be that the website is inaccurate, and he cannot use it "with any confidence." *See* FAC at ¶¶ 29, 43–44.

Defendant's business" as a reason to reject Plaintiff's asserted intent to return); *id.* at 10 (asking the Court to consider that "it appears to be Johnson's standard procedure to visit a purportedly non-compliant business three times before suing"); *id.* at 11 (noting "the sheer volume of Johnson's litigation in which he claims in every case that he intends to return to the defendant's business").

The Ninth Circuit has specifically cautioned courts against relying on a plaintiff's past ADA litigation as a reason to question the sincerity of a plaintiff's intent to return to an establishment. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). In *D'Lil*, the Court explained that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Id.*

Here, Plaintiff has acknowledged that he is "a veteran ADA tester" and "is aware that he needs to return to the hotel website and to patronize the hotel in order to have standing to see that the hotel comes into compliance with the ADA's mandate regarding the accessibility of its hotel and of its reservation policies." *See* FAC at ¶ 31. He notes that as such, he "frequents businesses to determine if they have complied with the anti-discrimination mandates of the ADA." *See id.* at ¶ 30. Plaintiff alleges that he has reason to frequent Defendant's hotel "to assess these policies and facilities for compliance with the ADA," but also because he travels to Fremont "on a regular and consistent basis." *See id.* at ¶¶ 15, 31–33. In fact, here, he alleges that he has stayed at this specific hotel twice, and visited it a total of three times. *See id.* at ¶¶ 12–14, 16–17. And he further alleges that he "will use the hotel's website reservation system to book a room and travel to the hotel when it has been represented to him that the hotel's website reservation system is accessible." *Id.* at ¶ 31.

The Court finds that these allegations, when considered in the light most favorable to Plaintiff, as they must be at this stage, constitute more than "[s]peculative, 'some day' intentions of visiting a facility," as Defendant urges. *See* Dkt. No. 15 at 8–9, 11. Plaintiff has adequately alleged an intention to return to the hotel. *See D'Lil*, 538 F.3d at 1037 (finding allegations sufficient to establish standing "where a plaintiff demonstrates an intent to return to the geographic

area where the accommodation is located and a desire to visit the accommodation if it were made accessible"); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1038 (9th Cir. 2008) (finding plaintiff had standing despite living 550 miles from the 7-Eleven at issue).

The Court understands that Defendant questions Plaintiff's motivation to return to the hotel, but that is distinct from Plaintiff's *intention* to return. *See D'Lil*, 538 F.3d at 1037. The Ninth Circuit has explicitly stated that a plaintiff's status as an "ADA tester" does not deprive him of standing because "motivation is irrelevant to the question of standing under Title III of the ADA." *See Civ. Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017). Defendant is of course free to challenge the sincerity of Plaintiff's intention to return to the hotel later in this litigation, but the Court declines to make credibility determinations at this preliminary stage.[2]

### C. Supplemental Jurisdiction

Because the Court denies Defendant's motion to dismiss Plaintiff's federal claims for lack of subject matter jurisdiction, it does not reach Defendant's argument that the Court lacks supplemental jurisdiction over the state law claim. *See* Mot. at 14–15. But Defendant also urges the Court to decline supplemental jurisdiction over Plaintiff's state law claim in any event. *See id.* at 15–17. The Court is not persuaded.

Defendant argues that "exceptional circumstances" exist to decline supplemental jurisdiction. *See* Dkt. No. 15 at 15–17 (citing 28 U.S.C. § 1367(c)(4)). Defendant argues that Plaintiff's state law Unruh Act claim meets this strict standard because "Plaintiff is forum shopping his Unruh Act claim into federal court to avoid the pleading requirements of California state court." *Id.*; *see also* Cal. Civ. Proc. Code § 425.50.[3] Defendant also argues that the monetary relief under the Unruh Act "substantially predominate[s] over federal injunctive relief"

---

[2] To the extent that Defendant suggests that Plaintiff also lacks standing because the alleged barriers do not exist, *see* Dkt. No. 15 at 14, the Court reiterates that this is a fact question and cannot be assessed on a motion to dismiss.

[3] Under § 425.50, a "high-frequency litigant" plaintiff must allege: (1) the number of ADA complaints that plaintiff filed in the past twelve months; (2) the reason plaintiff was in the region of the defendant's business; and (3) the specific reason that plaintiff desired access to the defendant's business. Cal. Code Civ. P. § 425.50(a)(4).

in this case because injunctive relief is also available under the Unruh Act. *See* Dkt. No. 15 at 15–17. Myriad courts in this district have considered and rejected this argument because a party's motive in seeking federal jurisdiction is generally immaterial, and having parallel proceedings in two different fora would be needlessly inefficient. *See, e.g.*, *Johnson v. Medvill 1, LLC*, No. 18-CV-04150-LHK, 2020 WL 7696056, at *7 (N.D. Cal. Dec. 28, 2020) (collecting cases). The Court finds the reasoning of these cases persuasive and adopts it here. *Id.* The Court therefore exercises supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claim.

### III. CONCLUSION

Accordingly, the Court **DENIES** the motion. The initial case management scheduling order, Dkt. No. 5, remains in effect.

**IT IS SO ORDERED.**

Dated: 7/29/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge