1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    SCOTT JOHNSON,                        Case No. 21-cv-01546-HSG

9              Plaintiff,
                                           **ORDER REGARDING CASE
10        v.                               MANAGEMENT CONFERENCE AND
                                           DIRECTING PARTIES TO FILE
11   GARDEN COURT INN LLC,                 STATUS REPORT**

12             Defendant.

13

14       Counsel for both parties in this case have repeatedly missed deadlines.  Counsel's failure to

15   manage their own case has led to an unnecessary expenditure of the Court's time and resources.

16   This is unacceptable.

17       On July 29, 2021, the Court denied Defendant Garden Court Inn LLC's motion to dismiss.

18   Dkt. No. 24.  In the order, the Court indicated that the initial case management scheduling order,

19   Dkt. No. 5, remained in effect.  The Court subsequently directed the parties to file a joint status

20   report by August 23, 2021, indicating whether they had held the joint inspection and meet and

21   confer as required under the scheduling order.  *See* Dkt. No. 25.  If the parties had not held the site

22   inspection, the Court further directed the parties to explain when they would do so.  *Id.*  Only

23   Plaintiff Scott Johnson filed a timely status report.  *See* Dkt. No. 26.  Although counsel indicated

24   that he was "committed to scheduling the [General Order] 56 joint site inspection and settlement

25   meet and confer," counsel did not indicate *when* the site inspection would occur.

26       The Court then issued an order to show cause why defense counsel should not be

27   sanctioned for failure to follow General Order 56 and for failure to meet court deadlines.  Dkt. No.

28   27.  Defendant responded by filing what was styled as a "status report."  In it, counsel appeared to

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   blame Plaintiff for missing court deadlines.  *See* Dkt. No. 29.  Although counsel indicated that he

2   and his client were "committed to diligently complying with [General Order] 56," counsel did not

3   indicate that the joint site inspection or meet and confer had been scheduled.  *See id.* at 2.  The

4   Court therefore set a case management conference on August 31 to discuss the order to show

5   cause and the case schedule.  On the eve of the hearing, defense counsel filed the same response,

6   this time styled as a "response to order to show cause."  *See* Dkt. No. 31.

7        Neither party appeared at the August 31 case management conference.  During the hearing,

8   the Court indicated that it would issue yet another order to show cause why sanctions should not

9   be issued against both counsel.  Later that day, defense counsel filed a "response to order to show

10  cause."  *See* Dkt. No. 32.  In it, counsel asserted that he had joined the call "at 2 p.m." and "waited

11  to be called from 2 p.m. through 2:47."  *See id.*  Counsel also attached a screenshot from his

12  outgoing call log to indicate he placed a call to the conference line at 2:00 p.m.  Even if this

13  information is accurate, it is simply unreasonable for counsel to call in at 2:00 p.m. for a 2:00 p.m.

14  hearing.  The calendar began promptly at 2:00 p.m., and counsel was not on the line when the case

15  was called.  And as of the date of this order, Plaintiff still has not explained his absence from the

16  case management conference.

17       Both counsel's conduct has fallen short of the standard expected of attorneys practicing in

18  this district, and it has led to needless delay and waste of resources in this case.  To the Court's

19  knowledge, the parties still have not held the joint site inspection or meet and confer.  The parties

20  are therefore **DIRECTED** to schedule the joint site inspection and meet and confer required under

21  General Order 56, to occur on or before September 17, 2021.  The parties shall file a joint status

22  report by September 20, 2021, confirming that the site inspection and meet and confer took place.

23  //

24  //

25  //

26  //

27  //

28  //

United States District Court
Northern District of California

1       The Court will determine whether to discharge the pending orders to show cause, or in the

2   alternative to impose sanctions, based on both parties' conduct as this case proceeds.  The Court

3   warns counsel, for the last time, to scrupulously comply with all court orders and deadlines.

4   Counsel for both parties are **DIRECTED** to provide a copy of this order to their clients.

5       **IT IS SO ORDERED.**

6   Dated: 9/2/2021

7   _____

    HAYWOOD S. GILLIAM, JR.
8   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3